```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**ELIZABETH D. LOFTUS,**

      **Plaintiff,**

v.                                          **CASE NO. 2:04-cv-00449**

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are Plaintiff's Motion for Judgment on the Pleadings or in the Alternative Motion for Remand for Consideration of New and Material Evidence and Defendant's Motion for Judgment on the Pleadings.

Plaintiff, Elizabeth D. Loftus (hereinafter referred to as "Claimant"), filed an application for DIB on September 6, 2001, alleging disability as of March 27, 2001, due to osteoarthritis, rheumatoid arthritis, post traumatic stress disorder and carpal

tunnel syndrome.  (Tr. at 85-87, 111.)  The claim was denied initially and upon reconsideration.  (Tr. at 53-57, 60-62.)  On June 6, 2002, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 63.)  The hearing was held on September 16, 2002, before the Honorable John Melanson.  (Tr. at 386-418.)  By decision dated October 23, 2002, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 35-44.)  On March 30, 2004, the Appeals Council considered additional evidence from the Claimant, but determined it did not provide a basis for changing the ALJ's decision.  (Tr. at 6-8.)  On May 10, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2002).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently

engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant

3

satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 36.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of posttraumatic stress disorder, major depression and degenerative disc disease. (Tr. at 39.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 39.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 40-41.) As a result, Claimant cannot return to her past relevant work. (Tr. at 41.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as hand/machine packager, microfilm monitor, egg handler, poly packer and dental floss packer, which exist in significant numbers in the national economy. (Tr. at 42.) On this basis, benefits were denied. (Tr. at 44.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the

4

>case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was almost fifty-four years old at the time of the administrative hearing. (Tr. at 85, 386.) Claimant graduated from high school and beauty college. (Tr. at 410.) In the past, she worked as a rural mail carrier. (Tr. at 395.)

### The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ's conclusion

that Claimant could perform a significant range of light work is not supported by substantial evidence; (2) the ALJ erred in his duty to develop the record; (3) the ALJ failed to afford proper weight to the opinions of Claimant's treating physicians; (4) the ALJ's residual functional capacity finding did not include limitations opined by nonexamining State agency medical sources; and (5) the ALJ failed to follow Social Security Ruling ("SSR") 96-8p, which requires a more detailed determination of mental residual functional capacity.  (Pl.'s Br. at 5-11; Pl.'s Reply at 1-2.)

The Commissioner argues that (1) the ALJ's decision is supported by substantial evidence; (2) the ALJ adequately developed the record; (3) the ALJ's residual functional capacity finding is supported by substantial evidence; and (4) the ALJ's hypothetical question included all of Claimant's functional limitations.  (Def.'s Br. at 9-18.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly weigh various medical opinions of record, including those from Claimant's treating physicians, Michelle Burdette, M.D. and Pamela Alfafara, M.D.

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged

disability. See 20 C.F.R. § 404.1527(d)(2) (2002). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. § 404.1527(d)(2). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. § 404.1527(d)(2). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. § 404.1527. These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors. Additionally, the regulations state that

the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." Id. § 404.1527(d)(2).

Under § 404.1527(d)(1), more weight is given to an examiner than to a non-examiner. Section 404.1527(d)(2) provides that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources). The Fourth Circuit Court of Appeals has held that "a non-examining physician's opinion cannot by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record." Martin v. Secretary of Health, Education and Welfare, 492 F.2d 905, 908 (4th Cir. 1974); Hayes v. Gardener, 376 F.2d 517, 520-21 (4th Cir. 1967). Thus, the opinion "of a non-examining physician can be relied upon when it is consistent with the record." Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986) (more weight given to an opinion by a specialist about issues in his/her area of specialty).

In his decision, the ALJ summarized evidence of record from Dr. Burdette dated September 7, 2000, through March 6, 2002. Dr. Burdette treated Claimant for a variety of physical and mental impairments, including anxiety, insomnia, back strain, carpal tunnel syndrome and for injuries sustained when she was attacked while working as a rural mail carrier. (Tr. at 37.) Likewise, the ALJ summarized evidence from Dr. Alfafara dated May 1, 2001,

through March 12, 2002.  Dr. Alfafara treated Claimant for major depressive disorder, single episode, moderate and posttraumatic stress disorder.  (Tr. at 37-38.)  The ALJ also summarized the testimony of Jeffrey Boggess, Ph.D., the nonexamining medical expert who testified at the administrative hearing.  Dr. Boggess generally testified that the record showed improvement in Claimant's mental condition.  (Tr. at 38-39.)

The ALJ made the following findings as to the weight afforded the evidence of record from Drs. Burdette and Alfafara:

> There exists evidence in the administrative record regarding treating and examining doctor's opinions on the extent of the claimant's disability.  Dr. Alfafara noted that the claimant would have difficulty maintaining a full-time job due to continued depressive and anxiety symptoms with decreased concentration and energy. (Exhibit 7F).  By contrast, Dr. Boggess noted that several notes in the record contradict this assertion, and demonstrate improvement in the claimant's symptoms. Dr. Burdette noted that the claimant had limitations that would interfere with her ability to perform physical and mental activities (Exhibit 6F).  The opinions of the claimant's treating physicians with regard to her ability to work have been considered; however, such opinions from the treating sources are not necessarily entitled to controlling weight or special significance and ultimately are opinions reserved to the Commissioner (SSR 96-5p). Particularly, Dr. Alfafara's opinion is a wholly conclusory opinion unsupported by the beneficial effects of the claimant's medication, test reports, and was directly contradicted by the claimant's activities of daily living, and by conclusions of other examining specialists.

(Tr. at 40.)

While the Commissioner provides reasons in her brief as to why Dr. Burdette's opinions are not entitled to controlling weight

(Def.'s Br. at 13-14), the ALJ's decision simply does not provide sufficient explanation from which the court can concluded that the ALJ sufficiently weighed the evidence of record from Dr. Burdette in keeping with the above regulations and caselaw.

Similarly, although the ALJ provides more of an explanation regarding Dr. Alfafara, the ALJ appears to incorrectly refer to Dr. Boggess as an "examining specialist," when in fact, Dr. Boggess never examined Claimant.  While an ALJ is entitled to accept the opinion of a nonexamining medical source like Dr. Boggess when his opinion is consistent with and supported by substantial evidence of record, the ALJ's apparently incorrect reference to Dr. Boggess as someone who examined the Claimant brings into question whether the regulations and caselaw cited above related to weighing medical opinions from nonexamining sources were correctly applied by the ALJ.

Moreover, it does appear that the record did not include all of the evidence available from Dr. Alfafara and Dr. Burdette and was in need of further development by the ALJ.

In <u>Sims v. Harris</u>, 631 F.2d 26, 27 (4th Cir. 1980), the United States Court of Appeals for the Fourth Circuit, citing 20 C.F.R. § 416.927, acknowledged that "Claimants in disability cases are entitled to a full and fair hearing of their claims ...." The court in <u>Sims</u> found that

> the failure to have such a hearing may constitute good
> cause sufficient to remand to the Secretary under 42

10

> U.S.C. [§] 405(g) for the taking of additional evidence. While lack of representation by counsel is not by itself an indication that a hearing was not full and fair, it is settled that where the absence of counsel created clear prejudice or unfairness to the claimant, a remand is proper. *Dombrowolsky v. Califano*, 606 F.2d 403 (3rd Cir. 1979); cf. *Cross v. Finch*, 427 F.2d 406 (5th Cir. 1970). It is equally settled that in *pro se* cases, Administrative Law Judges have a duty to assume a more active role in helping claimants develop the record. *Crider v. Harris*, 624 F.2d 15 (4th Cir. 1980); *Livingston v. Califano*, 614 F.2d 342 (3rd Cir. 1980).

Id. at 27-28 (footnote omitted).

The transcript of the administrative hearing reveals a sincere effort by the ALJ to ensure that Claimant's decision to waive her right to counsel was well-informed. However, as evidenced by the additional evidence submitted in support of Plaintiff's Alternative Motion for Remand for Consideration of New and Material Evidence, the record before the ALJ was incomplete. Although the ALJ asked the Claimant if there was additional evidence she would like to submit (Tr. at 392), the ALJ did not inquire at the administrative hearing in September of 2002, as to whether Claimant had seen Dr. Burdette after March 6, 2002, or Dr. Alfafara after March 12, 2002. In fact, Claimant had seen these physicians on more than one occasion after the above dates, as she submitted in support of her Alternative Motion for Remand for Consideration of New and Material Evidence treatment notes from Dr. Alfafara dated June 4, 2002, July 16, 2002, and August 16, 2002, and treatment notes from Dr. Burdette dated June 25, 2002, August 27, 2002, and December 27, 2002. (See Plaintiff's Alternative Motion for Remand for

11

Consideration of New and Material Evidence, Attachment A.)

Thus, the court proposes that the presiding District Judge find that while the ALJ made a good effort to ensure Claimant knowingly waived her right to counsel, the ALJ erred in his duty to develop the record in this, a case where Claimant proceeded pro se.

It appears that the ALJ did not acknowledge the opinions of State agency medical sources on Physical Residual Functional Capacity Assessments or explain the weight afforded these opinions.

In his decision, the ALJ determined that Claimant's carpal tunnel syndrome was not a severe impairment because test results showed only mild carpal tunnel syndrome, and Claimant did not report any significant limitations in her activities of daily living. (Tr. at 39.)

The ALJ did not refer to the opinions of two State agency medical sources, one of whom opined that Claimant was limited in handling and the other who stated that Claimant was limited in feeling because of her carpal tunnel syndrome. (Tr. at 202, 313.) In addition, both sources believed that Claimant should avoid concentrated exposure to hazards, while one State agency source felt that Claimant should avoid concentrated exposure to vibration. (Tr. at 202, 314.) Finally, both sources opined that Claimant could only occasionally climb, balance, stoop, kneel, crouch and crawl. (Tr. at 201, 312.)

The ALJ certainly is not obligated to adopt the opinions of

State agency nonexamining medical sources as expressed on Residual Functional Capacity Assessments, and admittedly Claimant did not describe limitations related to her carpal tunnel syndrome at the administrative hearing. However, Claimant was pro se at the administrative hearing, and the ALJ did not question her about this impairment, even though she listed it on the Disability Report Adult as an impairment that limited her ability to work. (Tr. at 111.) In addition, there are additional limitations found by both State agency sources that were not mentioned in the ALJ's decision or the hypothetical question to the vocational expert. At the very least, the ALJ should have weighed the evidence from the State agency sources pursuant to 20 C.F.R. § 404.1527(d) and explained the weight afforded to such evidence.

Based on the above, the court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly weigh the medical evidence of record and explain his findings related thereto. In addition, the court proposes that the presiding District Judge find that the ALJ's erred in his duty to develop the record.

Finally, the court proposes that the presiding District Judge find that the ALJ failed to comply with SSR 96-8p in his residual functional capacity finding related to Claimant's mental impairments.

13

In his residual functional capacity finding, the ALJ concluded that Claimant's severe mental impairments resulted in the following limitations: "She has mild restrictions of activities of daily living; moderate difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence or pace." (Tr. at 40-41.) These findings mirror the ALJ's findings at step three of the sequential analysis when the ALJ evaluated Claimant's impairments under the "B" criteria of Listings 12.04 and 12.06. (Tr. at 39.)

SSR 96-8p explains the function of findings at the third step of the sequential analysis related to the "B" criteria of the listings:

> The psychiatric review technique described in 20 CFR 404.1520a and 416.920a and summarized on the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. *The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.* The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

SSR 96-8p, 1996 WL 362207, at *34477 (July 2, 1996)(emphasis added).

SSR 96-8p makes clear that an ALJ's evaluation of the "B"

criteria at the third step of the sequential analysis need not explicitly be included at the fourth or fifth steps of the sequential analysis, including the inclusion of such limitations in a hypothetical question to a vocational expert. Instead, the ALJ must actually make "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF." Id. The court proposes that the presiding District Judge find that the ALJ did not comply with SSR 96-8p in that the ALJ's residual functional capacity finding does not provide a more detailed assessment of Claimant's mental impairments such that the true functional impact of Claimant's mental impairments is reflected.

Because the court has recommended remand pursuant to sentence four of 42 U.S.C. § 405(g), the court finds it unnecessary to address Plaintiff's Alternative Motion for Remand for Consideration of New and Material Evidence. Any evidence submitted in support of the Alternative Motion for Remand should come into the record on remand by virtue of the court's recommended finding that the ALJ did not adequately develop the record.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge GRANT the Plaintiff's Motion for Judgment on the Pleadings and Alternative Motion for Remand for Consideration of New and Material Evidence to the extent

15

she seeks remand pursuant to sentence four of 42 U.S.C. § 405(g) and otherwise DENY Plaintiff's Motion, DENY the Defendant's Motion for Judgment on the Pleadings, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

    August 15, 2005                                                  Mary E. Stanley
        Date                                                   United States Magistrate Judge